```
                                        Receipt Number: 953704
                                        Tracking Number: 73949249
COPY OF PLEADING PROVIDED BY PLT         DELIVERED
                                         12 / 08 / 2021
                  CAUSE NUMBER: 202179125  BY: SEGS  PSC: 7114
                              EML         ATX Process, LLC
```

| PLAINTIFF: SAVATH, SAMNANG | In the 270th Judicial |
|---|---|
| vs. | District Court of |
| DEFENDANT: CLOUD KITCHENS LLC | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: 5828 FAIRDALE LANE HOU LLC (DBA FAIR FOOD COMPANY) BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY (DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY)
211 E 7TH ST STE 620
AUSTIN TX 78701

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on December 6, 2021, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this December 8, 2021.



*Marilyn Burgess*
Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: COURTNI GILBERT

Issued at request of:
KACAL, NICHOLAS
1300 MCGOWEN ST
HOUSTON, TX   77004
713-234-5860

Bar Number: 24123106

**EXHIBIT D**

Tracking Number: 73949249

CAUSE NUMBER: 202179125

EML

| PLAINTIFF: SAVATH, SAMNANG | In the 270th |
| --- | --- |
| vs. | Judicial District Court |
| DEFENDANT: CLOUD KITCHENS LLC | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____. M., on the _____ day of _____, 20_____.
Executed at (address) _____
in _____ County
at _____ o'clock ____. M., on the _____ day of _____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the _____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, 20 _____.

FEE: $ _____

_____
_____ of _____

County, Texas

_____   By: _____
        Affiant                                Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of _____, 20 _____

_____
Notary Public

12/6/2021 9:08 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 59723218
By: Courtni Gilbert
Filed: 12/6/2021 9:08 AM

**2021-79125 / Court: 270**

No. _____

| | | |
|---|---|---|
| Samnang Savath and Daniel Lee,<br>*Plaintiffs* | § § § § | IN THE DISTRICT COURT OF |
| *v.* | § § | HARRIS COUNTY, TEXAS |
| | § § | _____ JUDICIAL DISTRICT |
| Cloud Kitchens, LLC, and 5828 Fairdale Lane Hou, LLC d/b/a Fair Food Company,<br>*Defendants* | § § § | *Jury Trial Demanded* |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW Plaintiff Samnang Savath and Plaintiff Daniel Lee, (collectively, the "Plaintiffs"), and files this Plaintiffs' Original Petition complaining of Defendant Cloud Kitchens, LLC ("Defendant Cloud Kitchens") and Defendant 5828 Fairdale Lane Hou, LLC d/b/a Fair Food Company ("Defendant Fair Food"), (collectively, the "Defendants") and would respectfully show the Court as follows:

### I. DISCOVERY LEVEL

1. Discovery is intended to be conducted under Level 2.

### II. JURISDICTION & VENUE

2. This Court has jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

3. This Court has jurisdiction over Defendant Cloud Kitchens, LLC because Defendant Cloud Kitchens is incorporated in the State of Texas, has sufficient contacts with the State of Texas, is registered to do business in the State of Texas, and regularly conducts business in the State of Texas.

4. This Court has jurisdiction over Defendant 5828 Fairdale Lane Hou, LLC d/b/a Fair Food Company because Defendant Fair Food has sufficient contacts with the State of Texas, is

1

registered to do business in the State of Texas, and regularly conducts business in the State of Texas. Furthermore, Plaintiffs' claims arise from the purposefully directed activities of Defendant 5828 into the State of Texas as more fully described below.

5. Venue is proper in Harris County under Texas Civil Practice & Remedies Code §15.002 because the events giving rise to this claim occurred in Harris County.

### III. PARTIES

6. Plaintiff Samnang Savath is a resident of Harris County, Texas. Plaintiff Savath can be served through his attorneys of record, The Cobos Law Firm, at 711 W. Alabama St., Houston, Texas 77006.

7. Plaintiff Daniel Lee is a resident of Harris County, Texas. Plaintiff Lee can be served through his attorneys of record, The Cobos Law Firm, at 711 W. Alabama St., Houston, Texas 77006.

8. Defendant Cloud Kitchens, LLC is a domestic limited liability company organized and/or existing under the laws of the State of Texas. Defendant Cloud Kitchens may be served with process by and through its registered agent: Ann Quach, 4849 F.M. 1488, Ste. 100, The Woodlands, Texas 77384.

9. Defendant 5828 Fairdale Lane Hou, LLC d/b/a Fair Food Company is a foreign limited liability company organized and/or existing under the laws of the State of Delaware. Defendant Fair Food may be served with process by and through its registered agent: Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th St., Ste. 620, Austin, Texas 78701.

## IV. FACTS

10. Defendant Cloud Kitchens and Defendant Fair Food own and operate a "cloud kitchen" located at 5832 Fairdale Lane, Houston, Texas 77057. A cloud kitchen, also known as a "ghost kitchen" or "virtual kitchen", is a commercial kitchen space that provides food businesses the facilities and services needed to prepare menu items for delivery and takeout. Unlike traditional brick-and-mortar locations, cloud kitchens allow food businesses to create and deliver food products with minimal overhead.

11. Plaintiffs own and operate DDME, LLC d/b/a Thai Lao Express, a restaurant business that operates within the "cloud kitchen" located at 5832 Fairdale Lane, Houston, Texas 77057.

12. On October 31, 2021, Plaintiffs were working for DDME, LLC at the 5832 Fairdale Lane location when they and their vehicles were attacked by an employee of Defendant Cloud Kitchens and/or Defendant Fair Foods. The evening of October 31, 2021, Elvera Peets became intoxicated while working as a "food runner" for Cloud Kitchens, LLC and/or 5828 Fairdale Lane Hou, LLC. Ms. Peets was drinking while "clocked in" that Halloween evening and began playing a card game with Plaintiffs during the down time of the shift. Ms. Peets began to lose the card game and became extremely aggressive towards Plaintiff Savath and Plaintiff Lee. Plaintiffs requested that Ms. Peets leave their kitchen space after witnessing her aggressive behaviors. Once asked to leave, Ms. Peets became violent and began hitting and scratching both Plaintiffs.

13. Plaintiffs were able to remove Ms. Peets from their kitchen space, however, Ms. Peets began making verbal threats against Plaintiffs. Ms. Peets then proceeded to take a knife and slash all four tires on each of the Plaintiffs' two vehicles. Ms. Peets also used this knife to carve into the sides of the vehicles damaging the paint, hood, trunk, and doors.

14. Defendant Cloud Kitchen and/or Defendant Fair Foods, as employer of Elvera Peets, had a duty to supervise Ms. Peets, yet allowed her to attack Plaintiffs and damage their vehicles. But for Defendants lack of supervision, Plaintiffs' injuries would not have occurred. For these reasons Plaintiffs now bring suit to recover for their injuries.

## V. CAUSES OF ACTION

### COUNT 1 – INFLICTION OF BODILY INJURY

15. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs above as though fully set forth herein.

16. In Texas, it is unlawful for a Defendant to: i) make contact with the Plaintiff's person; ii) if the Defendant acted intentionally, knowingly, or recklessly, and iii) the Defendant's contact caused bodily injury to Plaintiff.

17. As described above, Elvera Peets, while working within the scope of her employment for Defendant Cloud Kitchen and/or Defendant Fair Foods punched, kicked, and scratched Plaintiffs. Such actions by Ms. Peets were intentional and made with the purpose of inflicting physical harm onto the body of Plaintiff.

### COUNT 2 – OFFENSIVE PHYSICAL CONTACT

18. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs above as though fully set forth herein.

19. In Texas, it is unlawful for a Defendant to: i) make contact with the Plaintiff's person; ii) if the Defendant acted intentionally or knowingly; iii) if the Defendant knew or reasonably should have believed that the Plaintiff would regard the contact as offensive or provocative; and iv) the Defendant's contact caused bodily injury to Plaintiff.

4

20. As described above, Elvera Peets, while working within the scope of her employment for Defendant Cloud Kitchen and/or Defendant Fair Foods punched, kicked, and scratched Plaintiffs. Such actions by Ms. Peets were intentional and made with the purpose of inflicting physical harm onto the body of Plaintiff. At the time Ms. Peets made these actions, she knew or reasonably should have known that Plaintiffs would regard the contact as offensive or provocative.

## COUNT 3 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

21. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs above as though fully set forth herein.

22. In Texas, it is unlawful for a Defendant to cause severe distress to an individual if the Defendant's conduct was extreme and outrageous and made intentionally or recklessly.

23. As described above, Elvera Peets, while working within the scope of her employment for Defendant Cloud Kitchen and/or Defendant Fair Foods acted intentionally to cause severe distress to Plaintiffs by physically, mentally, and emotionally harming them and their vehicles. Defendants caused Plaintiffs to experience severe distress from which they continue to suffer.

## COUNT 4 – TRESPASS TO CHATTLE

24. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs above as though fully set forth herein.

25. In addition, or in the alternative to other counts, Defendants damaged Plaintiffs' personal property without consent or authority to do so by slashing the tires to their vehicles and carving into Plaintiffs' vehicles with a knife. Plaintiffs are the lawful owners of the vehicles that were damaged. Defendants have no right, title, or interest in Plaintiffs' vehicles.

26. As a result of the Defendants' ongoing conversion, Plaintiff has suffered actual and economic damages in an amount within the jurisdictional limits of this Court.

5

27. Furthermore, the Defendants' actions constitute acts of malice for which Plaintiff is entitled to recover exemplary damages under Chapter 41 of the Texas Civil Practice & Remedies Code.

### COUNT 5 – RESPONDEAT SUPERIOR

28. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs above as though fully set forth herein.

29. At all times relevant to the actions described above, Elvera Peets was an employee of Defendant Cloud Kitchen and/or Defendant Fair Foods and was acting in the course and scope of her employment.

### COUNT 6 – NEGLIGENT HIRING/TRAINING/SUPERVISING

30. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs above as though fully set forth herein.

31. Defendant Cloud Kitchen and/or Defendant Fair Foods was negligent in the hiring of Elvera Peets in that Defendant Cloud Kitchen and/or Defendant Fair Foods knew, or in the exercise of reasonable care should have known, that Elvera Peets was unfit or unqualified for a position to safely work with the public and individuals such as Plaintiffs. Defendant Cloud Kitchen and/or Defendant Fair Foods were further negligent in employing and providing Elvera Peets with the knife she used to damage Plaintiffs' vehicles.

32. Defendant Cloud Kitchen and/or Defendant Fair Foods was negligent in the training of Elvera Peets, in that Defendant Cloud Kitchen and/or Defendant Fair Foods knew, or in the exercise of reasonable care should have known, that Elvera Peets was unfit or unqualified for a position requiring the safe operation of commercial motor vehicles. Defendant Cloud Kitchen and/or Defendant Fair Foods failed to properly train and/or instruct Ms. Peets in the safe manner

of working as a "food runner". Defendant Cloud Kitchen and/or Defendant Fair Foods failed to instruct or train Ms. Peets concerning intoxication and physical violence in the workplace and allowed Elvera Peets to become intoxicated, assault Plaintiffs, and damage Plaintiffs' vehicles wile "on the clock". Defendant Cloud Kitchen and/or Defendant Fair Foods knew or should have known that Elvera Peets was not capable of or qualified in working with the public and individuals such as Plaintiffs.

33. Defendant Cloud Kitchen and/or Defendant Fair Foods were negligent in the supervision of Elvera Peets in that Defendant Cloud Kitchen and/or Defendant Fair Foods knew, or in the exercise of reasonable care should have known, that Ms. Peets was unfit or unqualified for a position working with the public and individuals such as Plaintiff. Defendant Cloud Kitchen and/or Defendant Fair Foods failed to supervise Ms. Peets for the job being performed. Defendant Cloud Kitchen and/or Defendant Fair Foods failed to supervise Ms. Peets on the date of the incident in question and allowed or failed to prevent Ms. Peets from assaulting Plaintiffs and damaging their personal property.

### COUNT 7 – GROSS NEGLIGENCE

34. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs above as though fully set forth herein.

35. Defendant Cloud Kitchen and/or Defendant Fair Foods actions were knowing, reckless, and/or malicious, and when viewed objectively from the Defendants' standpoint, involved an extreme degree of risk considering the probability and magnitude of potential harm to others. Elvera Peets was an employee of Defendant Cloud Kitchen and/or Defendant Fair Foods working within the scope of her employment when she assaulted Plaintiffs and intentionally damaged their personal property. Defendant Cloud Kitchen and/or Defendant Fair Foods put unqualified and untrained employees such as Ms. Peets in a position to interact with the public,

and individuals such as Plaintiffs, without adequate supervision then allowed her to become intoxicated, assault Plaintiffs, and damage Plaintiffs' property with a knife, all while "clocked in". Defendants all had subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and/or welfare of others. Therefore, Plaintiffs seek punitive damages against all Defendants.

## VI. ATTORNEY'S FEES AND COSTS

36. As a result of the wrongful acts of Defendants, Plaintiffs were required to retain the undersigned counsel to protect Plaintiffs' interests and has agreed to pay reasonable and necessary attorney's fees and costs to said counsel. Plaintiffs are entitled to recover reasonable attorney's fees and costs under her causes of action that allow direct or indirect recovery of attorney's fees and costs and on an equitable basis.

## VII. JURY DEMAND

37. Plaintiff requests and hereby demands a jury trial in this case.

## VIII. REQUEST FOR DISCLOSURE

38. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 30 days of filing an Answer to this Petition, the information or material described in Rule 194.2.

## IX. PRAYER

WHEREFORE, Plaintiffs respectfully requests that, after a jury trial on the merits, the Court award Plaintiffs the following relief:

1. Direct and consequential damages against Defendants;
2. Pain and suffering;
3. Exemplary damages as a result of the intentional, malicious and culpable behavior of Defendants;

8

4.  Attorney's fees;

5.  Prejudgment and post judgment interest where allowed by law and in the maximum amounts permitted by law; and

6.  All other relief, at law or in equity, to which Plaintiff may otherwise be entitled.

Respectfully submitted,

### THE COBOS LAW FIRM

By: */s/ Andrew J. Cobos*
Andrew J. Cobos
State Bar No. 24078352
Nicholas Kacal
State Bar No. 24123106
711 W. Alabama Street
Houston, Texas 77006
Telephone: (713) 234-5860
Facsimile: (713) 234-5860
andrew@cobos.law
nicholas@cobos.law

**ATTORNEYS FOR PLAINTIFFS**