United States District Court
Southern District of Texas
**ENTERED**
April 04, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAMNANG SAVATH, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:22-CV-00034 |
| § | |
| CLOUD KITCHENS, LLC, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM & ORDER

Pending before the Court is the Motion for Remand filed by Plaintiffs Samnang Savath and Daniel Lee. ECF No. 3. For the reasons set forth below, the Court **GRANTS** the Motion.

### I.   BACKGROUND

Plaintiffs' Original Petition from state court alleges as follows. Plaintiffs own and operate DDME, LLC ("Thai Lao Express"), which is a restaurant business run out of a "cloud kitchen" located at 5832 Fairdale Lane in Houston, Texas. ECF No. 1-3 at ¶ 11. A cloud kitchen is a commercial kitchen space that gives restaurants facilities and services to prepare food for delivery and takeout with minimal overhead costs. *Id.* at ¶ 10. Defendants Cloud Kitchens, LLC ("Cloud Kitchens") and 5828 Fairdale Lane Hou, LLC ("Fair Food") own and operate the cloud kitchen that sustains Thai Lao Express. *Id.*

On October 31, 2021, Plaintiffs were working at Defendants' cloud kitchen. Plaintiffs began to play cards with Elvera Peets, who was "an employee of Defendant Cloud Kitchens and/or Defendant Fair Food[]." *Id.* at ¶ 12. Peets was drinking on the job and soon became aggressive. *Id.* Peets hit and scratched Plaintiffs, slashed the tires on Plaintiffs' cars, and used a knife to "carve

1

into the sides of [their] vehicles[.]" *Id.* at ¶¶ 12–13. Plaintiffs allege that "Defendant Cloud Kitchen and/or Defendant Fair Food[], as employer of [Peets,] had a duty to supervise [her,] yet allowed her to attack Plaintiffs and damage their vehicles." *Id.* at ¶ 14. Plaintiffs further allege that "Defendant Cloud Kitchen and/or Defendant Fair Food[] knew, or in the exercise of reasonable care should have known, that [Peets] was unfit or unqualified for a position working with the public and individuals such as Plaintiff[s]." *Id.* at ¶ 33. And Plaintiffs contend that "Defendant Cloud Kitchen and/or Defendant Fair Food[] put unqualified and untrained employees such as [Peets] in a position to interact with the public, and individuals such as Plaintiffs, without adequate supervision then allowed her to become intoxicated, assault Plaintiffs, and damage Plaintiffs' property with a knife all while 'clocked in.' " *Id.* at ¶ 35. Plaintiffs therefore submit that Defendants "had subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of others." *Id.*

Plaintiffs allege that Cloud Kitchens "is a domestic limited liability company organized and/or existing under the laws of the State of Texas," that Fair Food is a "foreign limited liability company organized and/or existing under the laws of the State of Delaware," and that both individual plaintiffs are residents of Harris County, Texas. ECF No. 1-3 at ¶ 6–9. Plaintiffs filed their Original Petition in state court on December 6, 2021. ECF No. 3 at ¶ 1. Plaintiffs served Fair Food on December 8, 2021. *Id.* at ¶ 2. Fair Food removed this case to federal court on January 5, 2022. ¶ 3. Plaintiffs did not serve Cloud Kitchen prior to removal.

**II.   PROCEDURAL POSTURE**

Plaintiffs filed a Motion to Remand on January 31, 2022. ECF No. 3. The submission day for Fair Food to file its Response was February 22, 2022. *Id.* (noting a Motion Docket Date of

"2/22/2022" on ECF); Local Rule 7. Fair Food did not file a timely response. Instead, on March 2, 2022, Fair Food filed a document entitled: "Motion for Leave to File Late Response to Plaintiffs' Motion to Remand." ECF No. 6. But this filing was a motion for leave in name only. The document was entirely devoted to responding to Plaintiffs' Motion to Remand. The supposed Motion for Leave did not address the standard for filing a late Response, nor did it explain why Fair Food's Response was late in the first place. Consequently, the Court denied Fair Food's Motion for Leave without prejudice to re-filing and gave Fair Food five days to file a proper Motion for Leave. ECF No. 7. Fair Food never followed up with a proper Motion for Leave.

Local Rule 7.4 makes clear that responses must be filed by the submission day, and that "[f]ailure to respond to a motion will be taken as a representation of no opposition." Local Rule 7.4. Consequently, the Court takes Fair Food's failure to file a timely Response as a representation of no opposition. Still, the Fifth Circuit has not " 'approved the automatic grant, upon failure to comply with [local] rules, of motions that are dispositive of the litigation.' " *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (quoting *John v. La.*, 757 F.2d 698, 708 (5th Cir. 1985)). And a remand order "is dispositive insofar as proceedings in the federal court are concerned," rendering it "the functional equivalent of an order of dismissal." *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 764 (5th Cir. 2016) (quoting *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998)). Accordingly, the Court will analyze the merits of Plaintiffs' Motion.

### III. STANDARD OF REVIEW

A party may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over civil actions involving citizens of different states where the amount in controversy

3

exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction under § 1332(a)(1) requires complete diversity: all parties on one side of the controversy must be citizens of different states than all parties on the other side. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (citing *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)). Thus, "[a]n out-of-state defendant may generally remove a case filed in state court to a federal district court if the parties are diverse, the amount in controversy requirement is met, and none 'of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.' " *Flagg v. Stryker Corp.*, 819 F.3d 132, 135–36 (5th Cir. 2016) (quoting 28 U.S.C. § 1441(a)–(b)).

"Jurisdictional facts are determined at the time of removal, not by subsequent events." *Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 635 (5th Cir. 2014). "In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed." *Henderson v. Allstate Fire & Cas. Ins. Co.*, 154 F. Supp. 3d 428, 430 (E.D. La. 2015) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

IV.     **ANALYSIS**

Plaintiffs contend that the Court lacks diversity jurisdiction and must remand this action for two reasons: (1) because the amount in controversy does not exceed $75,000; and (2) because there is incomplete diversity of citizenship. The Court agrees on both counts.

A. *Amount in Controversy*

The amount in controversy is generally determined by examining the plaintiff's allegations: "Unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). If, however, the plaintiff alleges indeterminate damages, the Fifth Circuit requires that the removing defendant prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The removing defendant can discharge this burden in two ways: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.' " *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis in original)). Recognizing the potential for a plaintiff to avoid federal jurisdiction with clever pleading, the Fifth Circuit has held "that if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint." *De Aguilar*, 47 F.3d at 1411. "[T]his is not a burden-shifting exercise," however, so generally the "plaintiff must make all information known at the time he files the complaint." *Id.* Nevertheless, if "the basis for jurisdiction is ambiguous at the time of removal[,] . . . post-removal affidavits may be considered in determining the amount in controversy[.]" *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

Plaintiffs' Original Petition "asserts causes of action for infliction of bodily injury, offensive physical contact, intentional infliction of emotional distress, trespass to chattle, respondeat superior, negligent hiring/training/supervising, and gross negligence arising from

personal injuries and property damages caused by an employee of Defendant Cloud Kitchens and/or Defendant Fair Food." ECF No. 3 at ¶ 10. Still, nothing in Plaintiffs' Original Petition suggests that they are seeking more than $75,000. Consequently, it is not "facially apparent" that Plaintiffs' claims are likely above $75,000. The question becomes, then, whether Fair Food has set forth facts that indicate that Plaintiffs' claims exceed $75,000.

Fair Food's Notice of Removal states: "This is a civil action in which the amount in controversy exceeds $75,000.00." ECF No. 1 at ¶ 2.6. But Fair Food offers neither proof nor precedent to support this position. *See Anders v. Sam's Club*, 2009 WL 10700530, at *1 (M.D. La. June 3, 2009), *report and recommendation adopted*, 2009 WL 10700535 (M.D. La. June 24, 2009) (remanding a case where the amount in controversy was not obvious on the face of the complaint and the defendants "offer[ed] no proof and point[ed] to no case law to support their argument" that the $75,000 threshold might be breached). What's more, because the amount in controversy was ambiguous at the time of removal, the Court can look to subsequent affidavits. Plaintiffs have submitted post-removal affidavits confirming that each seeks less than $32,499.00 (for a maximum of $64,998.00). ECF No. 3-5; ECF No. 3-6. Viewing these affidavits in light of the uncertainty over the amount in controversy, the Court finds that Fair Food has not proven by a preponderance of the evidence that the amount in controversy exceeds $75,000. As a result, the Court lacks diversity jurisdiction and must **GRANT** Plaintiffs' Motion to Remand.

B. *Diversity of Citizenship*

In addition, even if Fair Food could demonstrate that the amount in controversy exceeds $75,000, there is incomplete diversity of citizenship here.

Plaintiffs are citizens of Texas. *See* ECF No. 1-3 at ¶¶ 6 – 7 (Plaintiff Samnang Savath is a resident of Harris County, Texas. . . . Plaintiff Daniel Lee is a resident of Harris County, Texas."); *see* ECF No. 1 at ¶ 2.5 (conceding that "Plaintiffs' domicile is Texas[.]"). Plaintiffs have also alleged that Cloud Kitchens is a citizen of Texas. "[F]or diversity jurisdiction purposes, a limited liability company is a citizen of every state of which any member is a citizen." *Washington ex rel. Washington v. Wal-Mart Louisiana, L.L.C.*, 2008 WL 294295, at *3 (M.D. La. Feb. 1, 2008) (citing *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 585 n. 1 (2004)). The two members of Cloud Kitchens provided addresses in Texas when they filed to form the limited liability company. ECF No. 3-7. Plaintiffs have also specifically alleged that Cloud Kitchens "is a domestic limited liability company organized and/or existing under the laws of the State of Texas," ECF No. 1-3 at ¶ 8, Consequently, Cloud Kitchen is a citizen of Texas.

The question remains, however, whether Plaintiffs have improperly joined Cloud Kitchens. If "the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg*, 819 F.3d at 136. "[T]he test for improper joinder 'is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant.' " *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005)). Typically, "to determine whether the plaintiff has any possibility of recovery against the non-diverse defendant, the court should 'conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the

complaint to determine whether the complaint states a claim under state law against the in-state defendant.' " *Id.* (quoting *Smallwood*, 385 F.3d at 573).[1]

Plaintiffs' Original Petition does not clearly indicate whether Peets was employed by Cloud Kitchen, Fair Food, or both. Rather, Plaintiffs consistently allege that Peets was employed by "Defendant Cloud Kitchen *and/or* Defendant Fair Food[]." *See e.g.*, ECF No. 3-1 at ¶ 14 (emphasis added). But this is not a fatal flaw. Viewed mathematically, Plaintiffs' "and/or" phraseology implies either a fifty percent chance that Peets worked for Cloud Kitchens (if she could only have been employed by one entity,) or a sixty-seven percent chance (if she could also have been employed by both entities). Those probabilities exceed the "plausibility" threshold. And even without resorting to probabilities, the Court still finds it plausible that Cloud Kitchens employed Peets. Plaintiffs allege that Cloud Kitchens and Fair Food "own and operate" the cloud kitchen in question. *Id.* at ¶ 10. Since Peets worked at the cloud kitchen, it is plausible that she was employed by Cloud Kitchen, LLC. Holding otherwise would place a difficult hurdle in front of plaintiffs seeking to hold employers accountable, as it would implicitly force plaintiffs to unearth potentially complex employment relationships prior to discovery. The Court will not erect such a hurdle in this case; Plaintiffs have plausibly indicated that Peets was employed by Cloud Kitchens.

The Court also finds that Plaintiffs have some possibility of recovery against Cloud Kitchens. Setting aside Plaintiffs' claims for vicarious liability, the Court deems it plausible at this

---

[1] When considering a Rule 12(b)(6) motion, the Court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). To pass muster, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

stage that Cloud Kitchens negligently hired, supervised, and trained Peets in a manner that proximately caused Plaintiffs' injuries.² *Zarzana v. Ashley*, 218 S.W.3d 152, 158 (Tex. App. 2007). Peets worked as a "food runner" who "interact[ed] with the public, and individuals such as Plaintiffs." ECF No. 3-1 at ¶¶ 30–35. Cloud Kitchen also allegedly provided Peets with the knife that she used to damage Plaintiffs' cars. *Id.* at ¶ 31. But Cloud Kitchen never instructed or trained her "concerning intoxication and physical violence in the workplace[.]" *Id.* at ¶ 32. The Court considers the lack of instruction and training particularly given that Cloud Kitchen allegedly gave Peets the knife in question. Notwithstanding Cloud Kitchens' general obligation to supervise and train its employees, the fact that it provided Peets with a potential weapon without any training or supervision gives the Court pause. This confluence of circumstances gives rise to at least a plausible inference of potential liability. At this stage, then, the Court cannot say "that there is no possibility of recovery" against Cloud Kitchens. *See Flagg*, 819 F.3d at 136. As a result, it does not appear that Cloud Kitchens was improperly joined. And Plaintiffs' failure to serve Cloud Kitchens is immaterial. Plaintiffs have made multiple attempts at service across several weeks, and the Court will not infer at this time that the lack of service to this point means that there is no possibility of recovery from the entity. ECF No. 3-8; ECF No. 3-9. Accordingly, there are citizens

---

² The Court sets the vicarious liability claims aside because it is uncertain as to whether those claims are plausible. Proving vicarious liability requires Plaintiffs to show that "[Peets] (1) was an employee and (2) was acting in the course and scope of [her] employment." *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 138 (Tex. 2018). The Court has doubts as to whether Peets was acting in the course and scope of her employment when she was drinking, playing cards, and attacking Plaintiffs and their property. Those actions were likely not undertaken with Cloud Kitchen's "authority" and for Cloud Kitchen's "benefit." *Id.* at 139; *see Andrews v. Houston Lighting & Power*, 820 S.W.2d 411, 413 (Tex. App.-Houston [14th Dist.] 1991, writ denied) ("[A]n employer is not liable for actions that an employee takes in his own interest and not to further the purpose of carrying out the master's business.").

of Texas on both sides of this controversy, and the Court lacks diversity jurisdiction.[3] The Court **GRANTS** Plaintiffs' Motion to Remand on this basis as well.

### C. Request for Sanctions

Plaintiffs also "move[] this court to order any sanctions it deems appropriate," including "all costs, expenses, and reasonable attorney's fees incurred by Plaintiff[s] as a result of the removal action" because Fair Food "had no plausible basis for claiming that this court had jurisdiction[.]" ECF No. 3 at 4. But Plaintiffs do not direct the Court to any rule, statute, or precedent that authorizes their requested sanctions in these circumstances. And the Court does not find Fair Food's removal efforts so blatantly improper as to constitute a frivolous attempt to delay trial and increase costs. The Court therefore **DENIES** Plaintiffs' request for sanctions.

## V. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs—who are citizens of Texas—have alleged plausible claims against Cloud Kitchens—which is also a citizen of Texas. The Court also finds that Fair Food has not discharged its burden of demonstrating that the amount in controversy here exceeds $75,000. For these reasons, the Court lacks diversity jurisdiction. The Court therefore **GRANTS** Plaintiffs' Motion to Remand and **REMANDS** this case back to state court.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this 4th day of April, 2022.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[3] Even if the Court were to consider Fair Food's late Response, that Response says nothing about diversity of citizenship.